15581

TOWN OF CLINTON v. HALL

(27 S. E. (2d), 569)

June, 1943.

*Mr. O. L. Long,* of Laurens, S. C., and *Mr. Robert S. Owens,* of Clinton, S. C., Counsel for Appellant Town of Clinton,

*Messrs. Blackwell, Sullivan & Wilson,* of Laurens, S. C., appeared as Counsel for Respondent.

November 3, 1943.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous Opinion of the Court:

The defendant was convicted in the Recorder's Court in the town of Clinton under a warrant charging him with carrying about his person an unlawful weapon, to wit, a 38-calibre revolver, on the public streets of the city, in violation of Section 5 of the Code of Ordinances. Upon appeal to the Circuit Court the conviction was set aside upon the ground that the evidence showed no violation of the ordinance.

Section 5 of the ordinance provides: "It shall be unlawful for any person or persons to carry, whether concealed on his person or not, any unlawful weapon as described to be such by the Statutes of South Carolina, except as is provided by such Statutes."

Section 1255 of the 1942 Code is incorporated in the ordinance by reference, and the provisions of the ordinance are practically identical with the wording of the Code Section. The pertinent portion of the Code Section reads as follows: "It shall be unlawful for any one to carry about the person, whether concealed or not, any pistol less than twenty inches long and three pounds in weight * * *."

There is no substantial variance in the testimony offered by the State and the testimony offered by the defense. The defendant testified that on June 5, 1943, his wife informed him that Robert Campbell had been cursing in her presence; that thereafter he saw Robert Campbell and Woodrow Campbell, his brother, coming across the public square of the town of Clinton, and that he drove his car over to where they were stopped. He then got out of the car and inquired of Robert Campbell why he had cursed in the presence of

his wife; and that during this conversation with Campbell he went back to his car, got his pistol out of the glove compartment, and with the gun in his hand, again approached Campbell.

Robert Campbell testified that when the defendant first accosted him on the public square he told him that he had a good mind to kill him; that the defendant then went around to the right side of the car, got his pistol out of the glove compartment and came back toward him with the gun in his hand, and that his brother, Woodrow Campbell, got in between the prosecuting witness and the defendant and persuaded the defendant to put the gun up. Other witnesses testified to the same state of facts.

In support of the Circuit Court judgment, the case of *State v. Weston,* 108 S. C., 383, 94 S. E., 871, is relied upon. An examination of that case, however, shows an entirely different factual situation. In the *Weston case* the facts disclosed that the defendant did not carry the pistol about his person, either concealed or unconcealed, but that the pistol was carried about in a satchel or suitcase, and, so far as the record shows, was never taken therefrom.

It appears to be conceded that the Colt pistol in question in this case was less than twenty inches long and less than three pounds in weight. A consideration of the evidence leaves no doubt of the propriety of the action of the city recorder in submitting this case to the jury. Nor can there be any question that a verdict of guilty was fully warranted.

Judgment reversed.

MESSRS. ASSOCIATE JUSTICES BAKER and STUKES and CIRCUIT JUDGES T. S. SEASE and E. H. HENDERSON, ACTING ASSOCIATE JUSTICES, concur.